## Case No. 7,899.

### KNOWLES v. PITTSBURGH, FT. W. & C. R. CO.

[4 Biss. 466.] [1]

Circuit Court, N. D. Illinois. Nov., 1865.

CARRIERS—CONNECTING LINES—SUIT AGAINST INTERMEDIATE ROAD.

The owner of property shipped over connecting railroads can, on failure to deliver, recover of an intermediate road into whose custody and exclusive control it had come.

[This was an action at law by Levi Knowles and J. Edwards Addicks against the Pittsburgh, Ft. Wayne & Chicago Railroad Company.]

DRUMMOND, District Judge. On the 28th of December, 1863, C. H. Goodman & Co. shipped at Rockford, Ill., one hundred barrels of flour over the Galena & Chicago Union Railroad, consigned to Messrs. Levi Knowles & Co., Philadelphia, Pa., and a bill of lading was taken to that effect, showing also that the flour was to be taken by the way of the Pittsburgh, Fort Wayne & Chicago R. R. Co. The flour arrived in Chicago, where the car containing it was placed on the defendant's road. The proof shows that this was the usual way that the two roads prosecuted their business. The question is, who is the party that Knowles & Co. are to look to, the flour not having been delivered in Philadelphia; or rather, can they look to the defendant under the circumstances detailed in evidence here?

The fact seems to be that it was the usage of the defendant, when a car came upon its track, to examine the property and then to give a receipt, or a bill of lading; but the proof shows that as soon as it was on the road of defendant it was in the custody and exclusive control of the defendant. It seems to me that when this property was under the circumstances detailed, placed in the car on the track of defendant's road,— and it is conceded that they were the parties that took control of it and that had the right so to do,—that it was their business to take proper care of it, and to see that it was not delivered to any person except one who had a right to receive it. It was placed on their road for a particular purpose; to wit, to be forwarded to Philadelphia. They admit that nobody else had any right to interfere with it. It strikes me that it was their business to see that the property was not diverted from the course to which it was destined.

It is not a matter of very much importance to the defendant, because somebody is responsible to it. It is simply a question whether these plaintiffs should look to this company or to the person who actually got possession of the flour. I think, under all

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the circumstances, the property being delivered on the railroad for a specific purpose, it being conceded to be the property of plaintiffs and that it was the defendant's business to take care of it, that the plaintiffs have a prima facie right to look to defendant for the fulfillment of its obligation, which was to transport the property to Philadelphia. This was one of the links in the chain of communication. It was put upon their road as a part of the transit. Now I do not see what difference there is in law or in fact from its being put in their warehouse. It was on their road. It was where they had exclusive control and management of it, and no one had a right to interfere.

It seems to me that, under such circumstances, the railroad within whose control and custody the property is, ought to be held responsible for it.

The jury found for the plaintiffs.

NOTE. The rule as here laid down was afterwards re-stated in the case of King v. Illinois Cent. R. Co., in this court; Davis, J., concurring. It is not considered necessary, however, to report that case. Goods were delivered by A to B. who carried them to C, and there delivered them to D, to be carried to their destination. A recovered of D. for their loss after showing that the goods had come to his possession. Chicago & N. W. R. Co. v. Williams. 44 Ill. 176: Wing v. New York & E. R. Co., 1 Hilt. 235: Michaels v. New York Cent. R. Co., 30 N. Y. 564: Conkey v. Milwaukee & St. P. R. Co., 31 Wis. 619. See, also, Bissell v. Price, 16 Ill. 408, where an action by an intermediate carrier for advances and freight was sustained, the injury having been done by a previous carrier, to whom the defendant was referred by the court for his redress, or else on his original contract with the first carrier.

The rule in Illinois is now settled that the first receiving carrier is prima facie liable for any loss or injury to the goods until they reach their destination, even if that is beyond its route. Illinois Cent. R. Co. v. Frankenberg, 54 Ill. 88. See, also, Muschamp v. Lancaster & P. J. R. Co., 8 Mees. & W. 421: Watson v. Ambergate, N. & B. Ry. Co., 3 Eng. Law & Eq. 497: Scothorn v. South Staffordshire Ry. Co., 8 Exch. 341: Wilson v. New York, N. & B. Ry. Co., 18 Eng. Law & Eq. 557: Crouch v. London & N. W. Ry. Co., 25 Eng. Law & Eq. 287: Bristol & E. Ry. v. Rollins, 7 H. L. Cas. 194. Contra. that the carrier is liable to end of his own route only. Railroad Co. v. Manufacturing Co., 16 Wall. [83 U. S.] 318; Skinner v. Hall, 60 Me. 477; Root v. Great Western R. Co., 45 N. Y. 525, approved in Babcock v. Lake Shore & M. S. Ry. Co., 49 N. Y. 495; Van Santvoord v. St. John, 6 Hill, 158; Jenneson v. Camden & A. R. & Transp. Co., 4 Am. Law Reg. 234, note; Redf. Carr. § 181. and cases cited in note 9. Consult, also, Woodword v. Illinois Cent. R. Co. [Cases Nos. 18,006, 18,007], and cases collected in note to same.

And, where goods have passed several carriers, on delivery at their destination in a damaged condition, it will be presumed, in absence of direct evidence, that the damage was caused by the last carrier. Laughlin v. Chicago & M. R. R., 28 Wis. 204.